J-S12029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL ROSA | |
| Appellant | No. 1503 MDA 2016 |

Appeal from the PCRA Order August 31, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001564-2011

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                      **FILED MARCH 09, 2017**

Angel Rosa appeals *pro se* from the order, dated August 30, 2016, and entered August 31, 2016, in the Court of Common Pleas of Lebanon County, that dismissed as untimely his third petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Rosa challenges his sentence as "illegal and unconstitutional."[1]  Based upon the following, we affirm.

On April 25, 2012, the trial court sentenced Rosa to an aggregate sentence of 27 to 55 years' imprisonment, after Rosa entered an open guilty plea to attempted murder, two counts of aggravated assault, possession of a

---

[1] Rosa's Brief at 3.

firearm prohibited, and receiving stolen property.[2, 3] Rosa did not file a post sentence motion or direct appeal. Rosa filed his first PCRA petition on May 14, 2012. Counsel was appointed, and filed an amended petition on June 24, 2013. A hearing was held on July 1, 2013, and the PCRA court denied the petition on October 30, 2013. This Court affirmed the PCRA court's denial of relief, and the Pennsylvania Supreme Court denied allowance of appeal on December 31, 2014. *Commonwealth v. Rosa*, 106 A.3d 168 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 106 A.3d 725 (Pa. 2014).

Rosa filed a second PCRA petition on April 6, 2015.[4] The PCRA court dismissed the petition without a hearing on May 8, 2015. On appeal, this Court, by judgment order, affirmed the PCRA court. *See Commonwealth*

---

[2] 18 Pa.C.S. §§ 901(a); 2702(a)(1), (a)(4); 6105(a)(1); and 3925(a), respectively.

[3] Rosa was sentenced to 20 to 40 years' imprisonment on the attempted murder conviction, a concurrent term of two and one-half to six years' imprisonment on the conviction for one count of aggravated assault, a consecutive term of five to ten years' imprisonment for persons not to possess firearms, and a term of two to five years' imprisonment on the conviction for receiving stolen property, to run consecutive to the sentence imposed on the conviction for persons not to possess firearms.

[4] As this Court noted in Rosa's prior PCRA appeal, under the prisoner mailbox rule, Rosa's second PRCA petition is deemed to have been filed on April 2, 2015, the date of the postmark on the envelope mailed from prison. *See Commonwealth v. Rosa*, 2016 Pa. Super. Unpub. LEXIS 1508, 2016 WL 2611763 (Pa. Super. 2016).

***v. Rosa***, 2016 Pa. Super. Unpub. LEXIS 1508, 2016 WL 2611763 (Pa. Super. 2016).

Rosa filed the present petition on May 19, 2016. The PCRA court, on August 18, 2016, issued Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing, and dismissed the petition by order dated August 30, 2016, and entered August 31, 2016. This appeal followed, in which Rosa contends, *inter alia*, he was sentenced based on a prior record score of "REFEL" [sic],[5] and prior counsel was ineffective in failing to raise this issue.[6] ***See*** Rosa's Brief at V.

_____

[5] "RFEL" is the acronym for "Repeat Felony 1/Felony 2 Offender Category" in the Pennsylvania Sentencing Guidelines. ***See*** 204 Pa. Code § 303.4(a)(2).

[6] Specifically, Rosa presents the following questions:

> Was the Honorable Judge John C. Tylwalk supplied a P[r]e-Sentence Investigation Report that was erroneously calculated?
>
> . . . .
>
> Was [Rosa] sentenced to an enhanced and extremely harsh term of imprisonment as a "REFEL" as a result of erroneously calculated prior record score (relating to out-of-state convictions) (New York) wherein [Rosa] actually has no past convictions equaling an F1 or F2, therefore, since the court is to consider only F1 or F2 felonies, [Rosa] would have none to consider?
>
> Was [Rosa] subjected to Ineffective Assistance of Trial Counsel for their failure to raise, challenge, or address the issues and concerns clearly visible and mentioned throughout this brief?

*(Footnote Continued Next Page)*

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

**Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Rosa's judgment of sentence became final in 2012. **See Commonwealth v. Rosa**, 2016 Pa. Super. Unpub. LEXIS 1508, 2016 WL 2611763 (Pa. Super. 2016) (stating

---

*(Footnote Continued)* ————————————

> Was [Rosa] sentenced to a term of imprisonment exceeding the lawfully allowed maximum term of 20-(twenty) years as an FI [felony of the first degree], wherein the [p]rior record score was portrayed inaccurately, to deem [Rosa] as a "REFEL" offender?

Rosa's Brief, at V. Rosa also raises another issue — "Did Rosa suffer wrongfully [sic] a conviction for Receiving Stolen Property wherein the alleged property stolen was not reported as being stolen until after the fact?" **Id.** However, as this issue was not raised in Rosa's present PCRA petition nor in his response to the PCRA court's Rule 907 notice, it is waived. **See Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).

Rosa's judgment of sentence became final on May 25, 2012). Therefore, the present petition, filed in 2016, is patently untimely.

The PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Here, Rosa does not specifically invoke any of the statutory exceptions.

Rosa asserts in his brief that by virtue of his receipt of the Presentence Investigation Report (PSI) after correspondence with the PCRA judge on April 28, 2016, his petition, filed May 19, 2016, meets the "newly found evidence requirement."[7] However, the information in the PSI was available to Rosa at the time of sentencing, and therefore does not satisfy the newly discovered evidence exception. **See** 42 Pa.C.S. § 9545(b)(1)(ii).

Further, although Rosa cites the United States Supreme Court decision, **Alleyne v. United States**, 133 S. Ct. 2151 (2013)[8] (holding that any fact other than a prior conviction that triggers a mandatory minimum

---

[7] Rosa's Brief at 4.

[8] Rosa's Petition/Response for Allowance of Appeal, 8/29/2016, at ¶3; Rosa's Brief at 3.

sentence must be found by a jury beyond a reasonable doubt), his petition does not satisfy the newly-recognized constitutional right exception, 42 Pa.C.S. 9545(b)(1)(iii). Specifically, (1) *Alleyne's* holding does not apply retroactively to cases on collateral review where, as here, the petitioner's judgment of sentence had already become final, *see Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016); and (2) it appears that Rosa's sentence does not involve a mandatory minimum sentence. Accordingly, we affirm the PCRA court's dismissal of Rosa's third PCRA petition.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017

---

[9] Even if Rosa could overcome the PCRA time bar, it bears note that Rosa's claim that the trial court erred in calculating his prior record score is a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015). This Court has held that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007).