54 A.3d 14

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Aaron JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 7, 2011.

Decided Sept. 28, 2012.

Victor J. Abreu Jr., Federal Public Defender's Office, Stuart Brian Lev, Defender Association of Philadelphia, Philadelphia, for Aaron Jones.

Hugh J. Burns, Philadelphia District Attorney's Office, Philadelphia, Amy Zapp, PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

### OPINION

Justice EAKIN.

This is an appeal from the order denying appellant's third petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, as untimely. We affirm.

Appellant was convicted of first degree murder and sentenced to death for ordering the murder of a rival gang member. He appealed his sentence, and this Court affirmed. *Commonwealth v. Jones*, 542 Pa. 464, 668 A.2d 491 (1995). Appellant's petition for reargument was denied, and the United States Supreme Court denied *certiorari*. *Jones v. Pennsylvania*, 519 U.S. 826, 117 S.Ct. 89, 136 L.Ed.2d 45 (1996). Appellant filed a petition for post-conviction relief, which was denied. He appealed to this Court, and we affirmed the denial. *Commonwealth v. Jones*, 571 Pa. 112, 811 A.2d 994 (2002). Appellant filed a *pro se* "Petition to Set Aside and/or Modify [the PCRA Court's] Order Denying PCRA Relief," which the PCRA court treated as a second PCRA petition and dismissed as untimely. This Court affirmed the dismissal. *Commonwealth v. Jones*, 579 Pa. 590, 858 A.2d 75 (2004).

Appellant filed a petition for writ of habeas corpus in federal district court. He was granted leave to conduct discovery, and the court ordered the Philadelphia District Attorney's Office and the United States Attorney's Office to review case files and turn over certain documents pertaining to their prosecutions of appellant.[1] On April 25, 2005, Assistant United States Attorney Paul G. Shapiro sent a letter to appellant's counsel, informing him the review of the federal file was complete, and the appropriate documents would either be copied and mailed to appellant or counsel could come inspect the documents and make copies of what appellant did not have in his possession. Assistant United States Attorney Letter, 4/25/05, at 1. By letter dated May 3, 2005, Assistant District Attorney Thomas Dolgenos provided the ordered discovery from the Commonwealth's file to appellant. *See* Assistant District Attorney Letter, 5/3/05, at 1–3.

On July 18, 2005, appellant filed the instant PCRA petition, his third, alleging the documents he received pursuant to the federal court order constitute newly-discovered evidence and show government interference, such that his facially untimely petition should be excepted from the PCRA's timeliness requirement. The PCRA court determined appellant failed to properly invoke any exception to the time-bar, and dismissed appellant's petition. This appeal followed. As appellant failed to invoke the asserted exceptions within the applicable time limits, we affirm the PCRA court's dismissal of appellant's petition as untimely.

Appellant's petition was filed after the effective date of the 1995 amendments to the PCRA; therefore, the jurisdictional time limits established by those amendments govern this case. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 217–18 (1999). A PCRA petition, including a second or subsequent one, must be filed within one year of the date the

1. Just prior to appellant's homicide conviction in this case, a federal jury convicted him of being the "kingpin" of a continuing criminal enterprise in violation of 21 U.S.C. § 848 and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. He was given a mandatory life sentence in that matter.

petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1).[2] *Commonwealth v. Howard*, 567 Pa. 481, 788 A.2d 351, 354 (2002). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3); *Howard*, at 353. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. *Commonwealth v. Abu–Jamal*, 574 Pa. 724, 833 A.2d 719, 723–24 (2003); *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. *Murray*, at 203. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868, 871 (2002) ("[I]t is the petitioner's burden to plead and prove that one of the exceptions applies[.]"). The PCRA further requires a petition invoking one of these exceptions to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). On appeal from the denial of PCRA relief, this Court decides "whether the findings of the PCRA court are supported by the record and free of legal error." *Abu–Jamal*, at 723.

Here, appellant's judgment of sentence became final October 7, 1996, when the United States Supreme Court denied his petition for *certiorari* on direct appeal. *Jones*, 519 U.S. 826, 117 S.Ct. 89. Appellant filed the instant petition July 18, 2005,

**2.** These exceptions are: "(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

more than nine years after his judgment of sentence became final. Thus, § 9545 clearly dictates the PCRA court had no jurisdiction to entertain the instant petition unless appellant pled and proved one of the three statutory exceptions. 42 Pa.C.S. § 9545(b); *Howard,* at 354. Appellant alleged the discovery he received pursuant to the 2005 federal court order provided him with newly-discovered evidence which satisfied the "governmental interference" exception to the time-bar. *See* 42 Pa.C.S. § 9545(b)(i), (ii). Specifically, he contended many facts he learned about one of the Commonwealth's key witnesses, Rodney Carson, could have been used to impeach Carson at trial. Therefore, he concluded the Commonwealth committed *Brady* violations by failing to disclose these allegedly exculpatory facts prior to trial. The PCRA court dismissed the petition as untimely for appellant's failure to file it within the 60–day period required for petitions subject to an exception. *See* 42 Pa.C.S. § 9545(b)(2).

■ Appellant argues the notice provided by the PCRA court pursuant to Pa.R.Crim.P. 909 was inadequate because it failed to "adequately explain the reasons for dismissal and did not provide [a]ppellant with the opportunity to amend the [p]etition to correct any procedural or pleading deficiencies." Initial Brief of Appellant, at 7. In its notice, the PCRA court explained the "PCRA petition is formally dismissed (as being without merit). (And untimely)." Pa.R.Crim.P. 909 Notice, 4/12/07. Pursuant to Pa.R.Crim.P. 909, a PCRA court is obliged to provide a capital petitioner with pre-dismissal notice of its reasons for dismissal, thus providing the opportunity for the petitioner to seek leave to amend to cure any material defect in the petition. *See id.,* 909(B)(2)(a)-(b) & (c)(ii). Thereafter, the court decides whether to "(i) dismiss the petition and issue an order to that effect; (ii) grant the defendant leave to file an amended petition; or (iii) order that an evidentiary hearing be held on a date certain." *Id.,* 909(B)(2)(c)(i)-(iii). In the present case, the PCRA court dismissed appellant's petition, reasoning it was meritless and untimely. While failure to bring a meritorious claim is potentially curable, failure to file a petition within the required time

period is not. Further explanation concerning the reasons the PCRA court found appellant's petition untimely were unnecessary as, regardless of the reasons, appellant would be unable to cure his untimeliness. Thus, the PCRA court's Rule 909 notice was not inadequate.

Next, appellant asserts his PCRA petition was filed within the 60–day time limitation as the discovery ordered by the federal court was not completed until May 19, 2005, and his petition was filed July 18, 2005. However, while the PCRA court recognized "the process of providing [appellant's] counsel with copies of [the] initial documents was completed on May 19, 2005," it determined the 60–day time period was triggered April 25, 2005, when the United States Attorney's Office made the requested documents available to appellant for review and copying. PCRA Court Opinion, 5/31/07, at 8–9, 12. Appellant baldly asserts, because the documents were only reviewed at that time to determine whether any were not previously made available, the time period should not have begun until the needed documents were copied and provided to him, at which time substantive review was possible.

Such tapering of the 60–day time requirement's initiation is unsupported by legal precedent, and we reject appellant's invitation to hold such would be permissible. As of April 25, 2005, appellant had the opportunity to review the documents he asserts contain newly-discovered evidence and which he contends the Commonwealth's failure to provide before trial constitutes governmental interference. Thus, April 25, 2005, is the first date his PCRA claim could have been brought, and June 25, 2005, was the date by which he was required to bring such claims. *See* 42 Pa.C.S. § 9545(b)(2). Moreover, appellant was provided with copies of the relied upon documents by the Commonwealth on May 3, 2005. Thus, even using the most generous possible calculation of the statutory 60–day time limit, appellant was required to file his PCRA petition by July 2, 2005. As a result, appellant's petition was clearly untimely and properly dismissed as such

594

by the PCRA court.[3]

The order of the PCRA court is affirmed. Jurisdiction relinquished.

Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, Justices, BAER, TODD and McCAFFERY, join the opinion.

Chief Justice CASTILLE files a concurring opinion.

Justice SAYLOR concurs in the result.

Chief Justice CASTILLE, concurring.

I join the Majority Opinion. I write separately only to note my skepticism concerning serial PCRA[1] petitions containing supposed "new" claims arising from discovery authorized by federal district courts during the *habeas corpus* review process of judgments involving Pennsylvania state prisoners. With very rare exceptions, the point of federal *habeas* review is not to go on fishing expeditions to find new facts and claims not already presented in state court; federal courts are to review only the federal constitutional claims properly presented to state courts, while showing required deference to the reasonable decisions of the sovereign state courts. The U.S. Supreme Court made this elemental point clear this past term:

We now hold that review under [28 U.S.C.] § 2254(d)(1) [ (Habeas Corpus) ] is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It

---

**3.** As we have determined the PCRA court lacked jurisdiction over appellant's petition due to his failure to file it within the 60–day time limit, we need not address the PCRA court's determination that the petition lacked merit or appellant's arguments based on that finding.

**1.** Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.

This understanding of the text is compelled by "the broader context of the statute as a whole," which demonstrates Congress' intent to channel prisoners' claims first to the state courts. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 [117 S.Ct. 843, 136 L.Ed.2d 808] (1997). "The federal habeas scheme leaves primary responsibility with the state courts...." [*Woodford v. Visciotti*, 537 U.S. 19, 27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)]. Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo.*

Limiting [Section] 2254(d)(1) review to the state-court record is consistent with our precedents interpreting that statutory provision. Our cases emphasize that review under [Section] 2254(d)(1) focuses on what a state court knew and did. State-court decisions are measured against this Court's precedents as of "the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 [123 S.Ct. 1166, 155 L.Ed.2d 144] (2003). To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts such law" and how the decision "confronts the set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406 [120 S.Ct. 1495, 146 L.Ed.2d 389] (2000) (*Terry Williams*). If the state-court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 [120 S.Ct. 1495]. It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that

unreasonably applied federal law to facts not before the state court.

*Cullen v. Pinholster*, —— U.S. ——, 131 S.Ct. 1388, 1398–99, 179 L.Ed.2d 557 (2011) (parallel citations omitted).

The Commonwealth forwards no argument here concerning the objective legitimacy of the federal discovery order, just as it did not in another serial capital PCRA matter, in which a broad federal discovery order generated two burdensome serial PCRA appeals in this Court. *See Commonwealth v. Abdul–Salaam*, 42 A.3d 983 (Pa.2012); *Commonwealth v. Abdul–Salaam*, 606 Pa. 214, 996 A.2d 482 (2010). As a practical matter, prior to *Cullen*'s corrective teaching, state prosecutors in the Third Circuit probably had very little defense against overreaching federal district courts indulging new fact- and issue-finding forays—forays which, particularly where the Philadelphia Federal Community Defender's Office (the "FCDO") is involved, cause extreme delay in Pennsylvania capital cases. The FCDO's exploitation of the federal court discovery order here has created seven years of additional delay in this capital case—all in pursuit of an untimely third PCRA petition.

But, I expect that, eventually, in the wake of *Cullen*, litigants' abuse of the discovery process will stem and the federal courts will cease disrespecting Pennsylvania judgments in this particular manner. Moreover, in an appropriate case, where the legitimacy of the federal discovery order giving rise to the new serial PCRA claim is challenged, I would be receptive to the argument that evidence "discovered" as a result of an improper federal *habeas* discovery order does not trigger the 60–day exception to the PCRA's jurisdictional time-bar. *See* 42 Pa.C.S. § 9545(b).