**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODOLFO VALDEZ | |
| Appellant | No. 1706 MDA 2014 |

Appeal from the PCRA Order September 11, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001729-2009
CP-54-CR-0001832-2009
CP-54-CR-0001831-2009
CP-54-CR-0001830-2009

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                           **FILED JUNE 02, 2015**

Rodolfo Valdez appeals from the order entered September 11, 2014, in the Schuylkill County Court of Common Pleas dismissing, as untimely filed, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Valdez seeks relief from the judgment of sentence of an aggregate term six to 12 years' imprisonment imposed June 9, 2010, following his jury conviction of four counts of persons not to possess a firearm, and one count of possession of a firearm with an altered manufacturer's number.[1]  On appeal, he contends the PCRA court erred in

_____

[1] 18 Pa.C.S. §§ 6105 and 6110.2, respectively.  We note that, although the caption lists four criminal docket numbers, the only conviction on appeal is Docket No. CP-54-CR-0001830-2009.  The other cases involved convictions

*(Footnote Continued Next Page)*

dismissing his petition as untimely because he filed the petition within 60 days of discovering he had been abandoned by prior PCRA counsel. For the reasons below, we affirm.

The relevant factual and procedural history is set forth as follows in a prior memorandum decision of this Court:

> On October 8, 2009, two Pottsville Police officers arrived at the apartment of Jean Cato to serve an arrest warrant on her boyfriend, [Valdez], who was wanted by police for drug-related crimes. Police had received information from a confidential informant that [Valdez] was living in Cato's apartment and that he possessed firearms. Cato gave permission for a search of her apartment, and the officers found [Valdez] hiding in a bedroom closet. In the closet were two rifles and a shotgun. In a pair of men's pants in the closet was a handgun and a clip. The serial number on the handgun had been scratched off. Cato told police that the guns belonged to [Valdez], and [Valdez] told police he was holding onto the guns for his friends. [Valdez] was charged with several firearms violations. [He] was convicted by a jury on June 4, 2010, and was sentenced on June 9, 2010 to a term of six to twelve years' incarceration. This Court affirmed his judgment of sentence in a memorandum filed on May 13, 2011. **Commonwealth v. Valdez**, 30 A.3d 538 [1050 MDA 2010] (Pa. Super. 2011) (unpublished memorandum). [Valdez] did not petition our Supreme Court for review.
>
> On February 13, 2012, [Valdez] timely filed a *pro se* PCRA petition. Attorney James Conville was appointed to represent [Valdez], and a hearing was held on March 19, 2012. On May 14, 2012, the PCRA court dismissed [Valdez's] PCRA petition, and counsel timely filed a notice of appeal to this Court. On

_(Footnote Continued)_ _____

for drug crimes which occurred around the same time as the firearms crimes at issue. While Valdez listed the other dockets on the *pro se* PCRA petition at issue herein, he is seeking a *nunc pro tunc* appeal from the prior denial of PCRA relief which involved only the conviction at Docket No. CP-54-CR-0001830-2009. **See Commonwealth v. Valdez**, 104 A.3d 40 [1850 MDA 2013] (Pa. Super. 2014) (unpublished memorandum at 3, n.1)

appeal, counsel presented one issue for our review: "Whether the [PCRA] court erred by not finding trial counsel ineffective for failing to file a pre-trial suppression motion to question the legality of the search which led to [Valdez's] arrest?" *Commonwealth v. Valdez*, 63 A.3d 828 [1023 MDA 2012], at 2 (Pa. Super. 2012) (unpublished memorandum). On November 14, 2012, this Court affirmed the order dismissing [Valdez's] PCRA petition. Specifically, this Court found [Valdez] waived his claim on appeal because his brief did not contain any citation to legal authority, cited only general ineffective assistance of counsel case law, and otherwise did not develop the argument properly. *Id*. at 4-5.

On April 8, 2013, [Valdez] filed a *pro se* PCRA petition. In that petition, [Valdez] requested that his appellate rights from his first PCRA petition be reinstated *nunc pro tunc*, and that he be permitted to proceed *pro se* in pursuing that appeal. On April 12, 2013, the PCRA court issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. On May 7, 2013, the PCRA court dismissed the petition. [Valdez] timely filed a notice of appeal from that order. By *per curiam* order, this Court vacated the order of the PCRA court and ordered that counsel be appointed to represent [Valdez] because an indigent first-time PCRA petitioner is entitled to representation by counsel.[2]

The PCRA court complied and appointed Attorney Michael J. Fiorillo to represent [Valdez]. On October 3, 2013, after a hearing, and upon request of counsel, the PCRA court granted [Valdez] the right to appeal *nunc pro tunc* from the May 14, 2012 order dismissing his first PCRA petition.

*Commonwealth v. Valdez*, 104 A.3d 40 [1850 MDA 2013] (Pa. Super.

2014) (unpublished memorandum at 1-3) (footnote omitted).

Valdez filed a notice of appeal *nunc pro tunc* on October 17, 2013.

Thereafter, on May 17, 2014, this Court vacated the PCRA court's October 3,

---

[2] Our review of the record reveals Valdez's April 8, 2013, PCRA petition was his **second** petition for collateral relief. Nevertheless, the propriety of our August 2013 remand for appointment of counsel is not relevant to this appeal.

2013, order and remanded the case to the PCRA court to determine whether Valdez's April 8, 2013, PCRA petition was timely filed. Thereafter, the PCRA court conducted a hearing, and on September 11, 2014, entered an order dismissing Valdez's PCRA petition as untimely. This appeal followed.[3]

Valdez's sole contention on appeal is that the PCRA court erred in dismissing his petition as untimely. Specifically, he argues the evidence was "uncontroverted" that he filed his petition within 60 days of discovering he had been abandoned by prior counsel. **See** Valdez's Brief at 7. Citing **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), Valdez claims he received "something in early February" of 2013 from this Court that prompted him to conduct research at the prison law library. Valdez's Brief at 18. During this research in late February, he discovered the **Bennett** decision, and determined that prior PCRA counsel had "abandoned" him by filing a deficient brief before this Court, thereby, waiving the only issue on appeal. **See Valdez**, **supra**, 63 A.3d 828 [1023 MDA 2012]. He then filed a PCRA petition on April 8, 2013, less than 60 days later. Accordingly, he asserts his petition was timely filed.

_____

[3] On October 10, 2014, the PCRA court ordered Valdez to file a concise statement of errors complained on of appeal pursuant to Pa.R.A.P. 1925. Valdez complied with the court's directive, and filed a concise statement on October 23, 2014.

When considering an appeal from an order dismissing a PCRA petition, "this Court examines whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) *cert. denied*, 135 S. Ct. 50 (U.S. 2014). We defer to the court's factual findings so long as they are supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 101 A.3d 785 (Pa. 2014). Likewise, "where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011).

Moreover, the PCRA mandates that any petition for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

Valdez's judgment of sentence became final on June 12, 2011, 30 days after this Court affirmed the conviction on direct appeal, and Valdez failed to petition the Pennsylvania Supreme Court for review. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1311(a). Accordingly, Valdez had until June 12,

2012, to file a timely PCRA petition.[4]  The present petition, filed nearly one year later on April 8, 2013, is facially untimely.

Nevertheless, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves that a time-for-filing exception applies, such as the "newly discovered facts" exception set forth in Subsection 9545 (b)(1)(ii).  This exception provides that an otherwise untimely petition may be cognizable if "the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"  42 Pa.C.S. § 9545(b)(1)(ii) (emphasis supplied).  While traditionally, "an allegation of PCRA counsel's ineffectiveness could not be invoked as a newly-discovered 'fact' for purposes of [] subsection 9545(b)(1)(ii),"[5] in **Commonwealth v. Bennett**, **supra**, our Supreme Court held that PCRA counsel's **abandonment** of a petitioner[6] may constitute a "newly discovered fact" for purposes of demonstrating the applicability of the subsection (b)(1)(ii) exception.

_____

[4] As noted above, Valdez did file a timely PCRA petition on February 13, 2012.

[5] **Bennett**, **supra**, 930 A.2d at 1272, *citing* **Commonwealth v. Gamboa–Taylor**, 753 A.2d 780, 785 (Pa. 2000).

[6] In **Bennett**, PCRA counsel neglected to file an appellate brief on Bennett's behalf, resulting in the dismissal of his appeal.  **Bennett**, **supra**, 930 A.2d at 1267.  The Supreme Court ultimately remanded the case for a hearing to determine whether the dismissal of his appeal was a fact "unknown to him"
*(Footnote Continued Next Page)*

The burden of proving the applicability of a time-for-filing exception falls squarely on the petitioner. ***Commonwealth v. Williams***, 105 A.3d 1234, 1239 (Pa. 2014). Further, any petition invoking an exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

At the September 9, 2014, PCRA remand hearing, Valdez testified he received a form or letter from this Court on February 7, 2013, which indicated he had "60 days to respond to it[.]" N.T., 9/9/2014, at 8. Thereafter, he requested permission to use the prison law library, which was not granted until late February. He claims it was during this research, he discovered the Supreme Court's decision in ***Bennett***, and realized prior PCRA counsel had essentially abandoned him by filing a deficient brief. ***Id.*** at 5-6. Valdez then filed the present PCRA petition less than 60 days later.

The PCRA court, however, found Valdez's testimony "not credible and not supported by the record, including his own filings in the Superior Court." Order, 9/11/2014, at 3-4. Valdez did not produce the February 7, 2013, form or letter he claimed to have received, and the PCRA court's own review of Valdez's criminal dockets revealed no correspondence on that date.[7] ***Id.***

_(Footnote Continued)_ ───────────────

that he could not have discovered earlier "with the exercise of due diligence. ***Id.*** at 1274.

[7] Indeed, the only trial docket entry in early 2013 is on January 3, 2013, when this Court's November 14, 2012, decision was docketed in the trial court. The next entry is Valdez's April 8, 2013, PCRA petition.

at 2. Furthermore, the PCRA court discovered a "Petition for Remand" filed by Valdez in this Court on May 13, 2013, which included as an exhibit a November 19, 2012, letter from PCRA counsel to Valdez. In that letter, PCRA counsel stated he had served Valdez with a copy of this Court's November 14, 2012, decision, affirming the denial of his first PCRA petition. *Id.* at 4 n.2. The court reasoned: "Clearly, [Valdez] received the letter, because he had it in his possession in order to attach it to the petition to remand[.]" *Id.*

On appeal, Valdez contends the facts of his case are "almost squarely on point" with *Bennett* because the brief submitted by his prior counsel was "so deficient that the one and only issue raised on appeal was deemed waived." Valdez's Brief at 17. Moreover, he claims he filed the present PCRA petition less than 60 days after discovering the *Bennett* decision. While he recognizes he presented no evidence to support his claim that he did not discover counsel's abandonment until February of 2013, he argues the Commonwealth offered no evidence to rebut his testimony. Valdez maintains:

> Indeed, the Commonwealth could have subpoenaed [prior counsel] or his file in order to determine whether there was any evidence that he had notified Mr. Valdez prior to February 2013, of his error in the filing of the brief. As such, **the only credible evidence** presented to the [PCRA court] was Mr. **Valdez's testimony** as to when he learned of what had occurred and then conducted his own research.

Valdez's Brief at 19 (emphasis supplied).

Valdez's argument is unavailing. First, we note that the **Bennett** decision was filed on **August 23, 2007**. Therefore, the **Bennett** holding was clearly discoverable prior to February of 2012, and Valdez's only avenue for relief was to demonstrate that the "fact" that this Court found the issues in the appeal from his first PCRA petition waived, was unknown to him and "could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Contrary to his argument, Valdez, as the petitioner, had the burden to prove his facially untimely petition met the requirements for the time-for-filing exception. **Williams**, **supra**. The PCRA court concluded Valdez's testimony was not credible, and where, as here, the court's findings are supported by the record, they are binding on this Court. **Dennis**, **supra**. Furthermore, our review reveals Valdez presented no evidence, save for his own testimony, of when he first learned counsel waived the issues on appeal from his first PCRA petition.[8] Consequently, we agree Valdez failed to demonstrate (1) he exercised due diligence, but (2) did not learn of this Court's November 14, 2012 decision, until 60 days prior to the filing of his second PCRA petition.[9]

_____

[8] Moreover, as the trial court noted in its order, our decision was "a matter of public record." Order, 9/11/2014, at 2.

[9] We note Valdez was represented by counsel at the time of the PCRA hearing, and continues to be represented by the same attorney in this appeal. Therefore, we find it disingenuous for present counsel to argue that
*(Footnote Continued Next Page)*

Therefore, we detect no basis to disturb the ruling of the PCRA court that Valdez's present PCRA petition was untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

---

*(Footnote Continued)* ────────────

**the Commonwealth** could have subpoenaed prior counsel when counsel could have done so himself.