J-S07029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALISTER CAMPBELL | |
| Appellant | No. 1324 MDA 2016 |

Appeal from the PCRA Order June 23, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003854-2002
CP-22-CR-0003855-2002
CP-22-CR-0003856-2002

BEFORE:   BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 06, 2017**

Alister Campbell appeals *pro se* from the order, entered in the Court of Common Pleas of Dauphin County, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA) as untimely.[1]   Upon review, we affirm.

Following a jury trial held October 6 through October 10, 2003, Campbell was convicted of criminal homicide and related offenses.  He was sentenced on December 5, 2003, to an aggregate term of 20 to 40 years' imprisonment.  Campbell filed a counseled direct appeal from his judgment

---

[1] 42 Pa.C.S. §§ 9541-9546.

of sentence, which culminated in our Supreme Court denying allowance of appeal on January 11, 2005.

Thereafter, on November 14, 2005, Campbell filed a timely *pro se* first PCRA petition. The PCRA court appointed counsel. On July 11, 2006, the court dismissed the first petition without a hearing, after providing notice of its intent to do so pursuant to Pa.R.Crim.P. 907. Campbell filed an appeal in this Court, which was dismissed for failure to file a brief. On June 4, 2012, Petitioner filed a "Motion to Correct Illegal Sentence Regarding Inadequate Collateral and Trial Counsel." The trial court treated this motion as a second PCRA petition and dismissed it as untimely. Campbell did not file an appeal of the dismissal of his second petition.

Subsequently, on February 22, 2016, Defendant filed the instant *pro se* PCRA petition. The PCRA court denied Campbell's request for counsel. After issuing a notice pursuant to Rule 907, the court dismissed the petition on June 23, 2016. Campbell is proceeding *pro se* on appeal. He raises the following issues, *verbatim*, for our review:

1. Whether the court erred in denying [Campbell's] PCRA petition due to the change in law as announced by **Commonwealth v. Hopkins**[, 117 A.3d 247 (Pa. 2015),] as newly stated constitutional law[,] to have all factors which would increase his sentence [be] proven beyond a reasonable doubt.

2. Whether the federal court's action[s] in similar cases have created a precedent that the state courts should follow, allow[ing] retroactiv[ity], or whether retroactive application was necessary when [Campbell] filed a timely post[-] conviction petition.

Brief for Appellant, at 2.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

> In order to be considered timely,
>
> [a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

- 3 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Campbell's petition for allowance of appeal in our Supreme Court was denied on January 11, 2005. Thus, his sentence became final on April 11, 2005, upon the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Campbell therefore had until April 11, 2006, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Because Campbell did not file the instant PCRA petition until February 22, 2016, it is patently untimely.

Campbell argues that he has satisfied the timeliness exception in section 9545(b)(1)(iii) because he filed the instant PCRA petition in anticipation of our decision in **Commonwealth v. Ciccone**,___ A.3d ___, 2016 PA Super 283 (filed Dec. 13, 2016) (en banc), apparently with the belief that this Court would hold that **Alleyne v. United States**, 133 S. Ct.

- 4 -

2151 (2013),[2] would apply retroactively in PCRA contexts such as this. However, unfortunately for Campbell, in *Ciccone*, an en banc panel of this court determined that the holding in *Alleyne* does not apply to situations such as his. *See Ciccone*, *supra* (Pennsylvania Supreme Court has clearly ruled in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), that *Alleyne* is not retroactively applicable in PCRA context). Accordingly, Campbell fails to meet a timeliness exception and is entitled to no relief.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017

---

[2] *Alleyne* held that any fact increasing a mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury.

[3] Campbell's Application for Relief dated February 14, 2017, requesting reconsideration of his second issue raised on appeal is denied, as we are without jurisdiction to consider the issue, since the instant PCRA petition is untimely. *Jones*, *supra*.