**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWIGHT HAKIEM ECHOLS JR. | : | |
| | : | |
| Appellant | : | No. 855 EDA 2018 |

Appeal from the PCRA Order March 2, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0005078-2005

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.:                **FILED APRIL 16, 2019**

Dwight Echols, Jr. appeals from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"). Echols contends the PCRA court erred in concluding he failed to establish the newly discovered fact exception to the PCRA's time bar. While we agree that the PCRA court erred in its application of the newly discovered fact exception, we nonetheless affirm, as the allegations in Echols's petition are insufficient to establish a *prima facie* case for relief under the PCRA.

A jury convicted Echols of shooting and killing Keith Shelton. On April 5, 2007, the court sentenced Echols to life imprisonment without the possibility of parole. This Court affirmed his judgment of sentence by order dated December 31, 2007. Echols did not seek review by the Supreme Court of Pennsylvania.

Echols filed his first PCRA petition on December 1, 2008. After appointed counsel filed an amended petition, the PCRA court denied relief. On appeal to this Court, Echols argued only that trial counsel had been ineffective by failing to argue self-defense to the jury. This Court affirmed the denial by order dated December 14, 2010, based upon the PCRA court's finding that trial counsel pursued a reasonable strategy in abandoning the claim of self-defense in favor of a defense of mistaken identity.

Echols filed the instant *pro se* PCRA petition,[1] his second, on October 10, 2017. In this petition, Echols asserted that in the previous sixty days, he had learned of the conviction of Detective Gerald Pawling on charges of tampering with evidence and theft from a police evidence room. Detective Pawling gathered evidence and testified at Echols's trial.

Echols argued these allegations constituted previously unknown facts qualifying as an exception to the PCRA's timeliness requirements. In particular, Echols asserted it was possible Pawling had misappropriated a black jersey, worn by the victim, from the crime scene. Echols posited that the jersey may have gunshot residue that would have corroborated a trial strategy of self-defense.

The PCRA court found Echols had not exercised due diligence in discovering Pawling's conviction, which received coverage in Chester County

---

[1] After Echols filed this appeal *pro se*, present counsel entered her appearance.

newspapers in 2014. The PCRA court also found Echols could not establish a *prima facie* case that Pawling's conviction would entitle Echols to relief under the PCRA. This timely appeal followed.

Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. ***See Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. ***See id***., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar in order to establish jurisdiction under the PCRA. ***See id***.

Echols concedes his current petition is facially untimely. ***See*** Appellant's Brief, at 14. However, he contends he has sufficiently pled an exception to the PCRA's time bar. ***See id***. Specifically, he believes his petition is sufficient to establish the newly discovered fact exception to the time bar. ***See id***.

To qualify for the newly discovered fact exception to the PCRA's time limitations under 42 Pa.C.S.A. § 9545(b)(1)(ii), Echols need only establish that the facts upon which his claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017). "In requiring that the facts be unknown to the petitioner, the statute itself contains no exception, express or constructive, regarding information that is of public record." ***Id***. at 632 (emphasis omitted). And yet, our jurisprudence has developed a

presumption that "information is not unknown to a PCRA petitioner when the information was a matter of public record[.]" *Id*. at 633.

The continuing validity of this "public record presumption" has been brought into serious question. *See generally id*. And in the specific circumstances of an incarcerated, *pro se* petitioner, it has been abrogated. *See id*. at 638. "However reasonable the public record presumption may be with regard to PCRA petitioners generally, the presumption cannot reasonably be applied to *pro se* PCRA petitioners who are incarcerated." *Id*. at 635 (emphasis and footnote omitted).

While the PCRA court does not explicitly invoke a *presumption* that Echols knew of Pawling's conviction due to public records, it nonetheless found Echols's petition untimely, without a hearing, due to coverage of the case in local newspapers. *See* PCRA Court Order, 3/2/18, at 2 n.1.[2] There is no meaningful difference between this analysis and the application of the public records presumption. There is no evidence of record upon which the court could conclude Echols actually knew of the conviction more than sixty days

_____

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. As we conclude Echols's petition does not set forth a *prima facie* case for relief under the PCRA, we need not address whether his claim is subject to the sixty-day period or the one-year period.

- 4 -

before he filed his petition. Nor is there any evidence upon which to conclude he failed to exercise due diligence in discovering these facts.

Normally, this would require a remand for a hearing for the PCRA court to receive evidence, make credibility determinations, and issue findings of fact on the issues of Echols's knowledge and due diligence. However, this is not necessary in this instance. We agree with the PCRA court that Echols's petition does not set forth a *prima facie* case that Pawling's conviction would entitle Echols to relief.

"A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." ***Commonwealth v. Walker***, 36 A.3d 1, 17 (Pa. 2011) (citations omitted). To establish that the PCRA court erred in not holding a hearing, Echols "must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief[.]" ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013).

The PCRA sets forth seven classes of allegations that establish a right to relief. ***See*** 42 Pa.C.S.A. § 9543(a)(2). For after-discovered evidence, the PCRA provides relief in instances where exculpatory evidence that was unavailable at the time of trial would have changed the outcome of the trial if it had been introduced. 42 Pa.C.S.A. § 9543(a)(2)(vi). "To be eligible for relief under such a claim, a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial

through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Commonwealth v. Johnson**, 179 A.3d 1105, 1123 (Pa. Super. 2018), *appeal denied*, 197 A.3d 1174 (Pa. 2018) (citation and internal quotation marks omitted).

We note that "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim" for PCRA relief. **Roney**, 79 A.3d at 605 (citation and internal quotations omitted). A claim based on pure speculation must fail. **See id**. at 607.

Here, Echols's claims make several logical leaps to provide a tenuous theory of relief. Echols asserts that Pawling's convictions for tampering with evidence and theft from an evidence room create a possibility he tampered with evidence gathered while investigating the murder of Keith Shelton. **See** Petition, 10/10/17, at 5. From this unsubstantiated guess, Echols then surmises Pawling removed a black football jersey, worn by Shelton at the time of his death, from evidence. **See id**. On top of these assumptions, Echols asserts the jersey would have had gunshot residue on it. He believes the presence of the residue would have supported his claim that Shelton died while struggling with Echols, which in turn would have supported a claim of self-defense. **See id**.

Echols's bases his claim on multiple layers of speculation. He hypothesizes, without any evidence, that Pawling modified evidence in any of his investigations. **See** Appellant's Brief, at 9. He then supposes that Pawling removed Shelton's black jersey from evidence in this case. **See id**. at 18. He further guesses the jersey would have had gunshot residue on it. Finally, he concludes this evidence would not only have convinced him to present his self-defense claim to the jury, but that it also would have persuaded the jury to credit his self-defense claim.

This chain of supposition is insufficient for several reasons. First and foremost, it consists of mere speculation. In addition, it is important to note that Echols was aware of the missing jersey at the time of trial. Therefore, the absence of the jersey does not constitute after-discovered evidence. He would also have been aware of his version of how Shelton died. He therefore would have had the knowledge necessary to argue the Commonwealth "lost" the jersey because it was exculpatory.

In other words, Echols was free to argue to the jury that the absence of the jersey supported his claim of self-defense, even without Pawling's unrelated convictions. For all these reasons, Echols has not established that Pawling's subsequent convictions, the after-discovered evidence at issue here, would have impacted his counseled decision to not present his claim of self-defense to the jury.

Accordingly, we agree with the PCRA court that Echols did not present a genuine issue of material fact in his petition. We therefore affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/19