J-E03006-18

2019 PA Super 265

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RUSTY LEE BRENSINGER :
:
Appellant : No. 212 EDA 2017

Appeal from the PCRA Order December 23, 2016
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003251-1997

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
LAZARUS, J., OTT, J., STABILE, J., DUBOW, J., and MURRAY, J.

DISSENTING OPINION BY BOWES, J.: **FILED AUGUST 30, 2019**

The Majority concludes that a remand is necessary because the PCRA court erred in failing to determine "which scientific principles constitute the facts upon which Brensinger's petition was based[.]" Majority Opinion at 29. The Majority also lauds Brensinger's attorney for "expertly balanc[ing] Brensinger's need to diligently pursue his claim under the PCRA with her duty not to assert frivolous claims under Pa.R.P[rof].C. 3.1." *Id*. at 18 n.9. As I disagree with my learned colleagues on both points, I respectfully dissent.

Addressing the latter first, I wish to distance myself from the Majority's inconsistent view of counsel's status at the various stages of the litigation of Brensinger's claim. The Majority concludes that, although the various attorneys had undertaken review of his case, and for years pursued evidence and sought out experts, Brensinger remained *pro se* until counsel obtained the reports, had him sign a representation agreement, and entered

appearances upon the filing of the PCRA petition. Majority Opinion at 14-19. As such, pursuant to **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), Brensinger was not deemed to "know" any facts to which the attorneys working on his behalf were privy.

On the other hand, the Majority credits all of counsel's actions to Brensinger in considering whether he diligently pursued his claim. Majority Opinion at 18 n.9. Further, at the hearing concerning the timeliness of Brensinger's petition, counsel objected to revealing any communications at any point between Brensinger and an attorney, indicating that they were made in anticipation of litigation. N.T. PCRA Hearing, 5/2/16, at 30.

In my view, if Brensinger receives the favorable aspects of his agents' actions, then their shortfalls must be ascribed to him as well. If Brensinger was *pro se* until the Pennsylvania Innocence Project ("PIP") signed him up and entered an appearance, then he had a duty to seek out information himself during the four years prior to their formal representation agreement when they were reviewing his case, and communications to him about the facts underlying his claim should not be privileged. However, if their efforts on his behalf constitute the exercise of diligence by Brensinger, then he should also be imputed with their knowledge of the scientific facts. Granting Brensinger the best of both worlds invites attorneys to structure formal representation in a manner calculated to manipulate the jurisdiction of the PCRA court. This Court should not create such incentives.

Turning to the Majority's decision to remand, I begin by noting it is well established that a PCRA petitioner presenting a facially-untimely petition is the party who bears the burden of pleading and proving one of the enumerated timeliness exceptions. **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012). From the start, Brensinger's counsel has pled, argued, and attempted to prove that the court had jurisdiction to entertain the merits of his petition pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2), based upon the newly-discovered fact of four favorable expert opinions obtained in 2015. **See**, **e.g.**, PCRA Petition, 4/24/15, at 44-45; Response to Commonwealth's Motion to Dismiss, 11/20/15, at 13-26; Proposed Findings of Fact and Conclusions of Law on Timeliness of Petition, 10/24/16, at 43 n.7 ("Brensinger's claim is predicated on his experts' opinions, rather than a particular scientific article[.]"); Brensinger's opening brief at 45.[1]

The Majority properly rejected the notion that a petitioner can in this manner manufacture new facts to bestow upon a court jurisdiction over an untimely petition. Majority Opinion at 22-24 (discussing **Commonwealth v. Edmiston**, 65 A.3d 339 (Pa. 2013), and **Commonwealth v. Chmiel**, 173

---

[1] In his brief filed after we granted *en banc* reargument, Brensinger argues that application of the established law is "unworkable" in evolving science cases. Brensinger's supplemental brief at 5. While I am not unsympathetic to Brensinger's position, this argument is properly presented to our Legislature, not to this Court. **See**, **e.g.**, **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (observing that the PCRA does not confer authority for judicially-created timeliness exceptions beyond those expressly provided in the statute).

A.3d 617 (Pa. 2017)).    However, the Majority goes on to hold that the PCRA court erred in not ascertaining upon what facts Brensinger should have hung his hat.  *Id*. at 24, 29.

Brensinger filed a petition and an amended petition, presented numerous witnesses over two days of hearings exclusively on the timeliness issue, and filed briefs in the PCRA court and this Court.  Now, five years later, **Brensinger has yet to identify what scientific principles constitute the facts that he newly discovered**.  Brensinger had ample opportunity to plead and attempt to prove an exception.  He failed to meet his burden.  I see no reason to remand to give him another chance to do so.

Furthermore, the fact that Brensinger failed to use due diligence in discovering developments in the science and presenting his claim is apparent from the record.  At the timeliness hearing before the PCRA court, Brensinger testified that he stopped utilizing the prison law library in 2006, although he had the ability to access it twice each week.  N.T. PCRA Hearing, 7/15/16, at 38-399.  In 2009, he heard rumors that there had been developments in the area.  *Id*. at 45.  He did not research the law himself, or file a PCRA claim, but reached out to a family member and ultimately was connected with the PIP.  Although no attorney had agreed to represent him, and he did not often hear from PIP during their years-long review process, he did not resume what research he was able to do on his own.  *Id*. at 42.

Once the lawyers obtained reports and filed his claim, Brensinger repeatedly cited to **State v. Edmunds**, 746 N.W.2d 590, 595 (Wis.App. 2008), in arguing the merits of his position. In that case, the court discussed the fact that the notion of other causes of injuries formerly ascribed solely to shaken baby syndrome had moved from being fringe views to a legitimate position in the medical community. That case entered the public domain **seven years before Brensinger filed the instant petition**.

Moreover, even if Brensinger's 2015 expert reports could be considered the newly-discovered facts that triggered the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(ii), or that it was necessary to obtain them before he had a claim to present, Brensinger failed to establish that he filed his petition within the time frame required by 42 Pa.C.S. § 9545(b)(2). While counsel detailed periodic efforts to secure additional medical materials for their experts to utilize, the reports ultimately obtained and which form the basis of his substantive after-discovered evidence claim are based solely upon the records that were in the possession of Brensinger's trial counsel. N.T. PCRA Hearing, 5/2/16, at 41-42, 47. Counsel could offer no reason why the reports at issue could not have been obtained two years earlier. **Id**. Counsel decided, after four years, to proceed with the available records because "time could be running out[.]" **Id**. It is unclear when counsel thought the clock started ticking, but to me it is clear that time had already run out at the point that

PIP abandoned the effort to secure more records and obtained expert reports within a matter of months.

For any of the above reasons, no remand and additional fact finding is necessary. The PCRA court's order dismissing the petition as untimely should be affirmed.

Therefore, I respectfully dissent.

P.J. Gantman and P.J.E. Bender join this dissenting opinion.