J-S29005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY J. FRANKLIN | : | |
| | : | |
| Appellant | : | No. 2985 EDA 2019 |

Appeal from the Order Entered September 19, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0007203-2006

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: August 20, 2020

Anthony Franklin appeals, *pro se*, from the order entered in the Court of Common Pleas of Montgomery County denying his "Petition for Credit for Imprisonment while in Custody prior to Sentence." We affirm.

Franklin entered a negotiated guilty plea to robbery and conspiracy to commit robbery.[1] In exchange for his plea, the trial court sentenced Franklin to eight and a half to twenty years' incarceration. He did not file a post-sentence motion or direct appeal.

Franklin filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed a ***Turner/Finley*** no merit letter and was permitted to

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] ***See*** 18 Pa. C.S.A. §§ 3701(a)(1)(v) and 903(a)(1).

withdraw. The court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim. 907, and later dismissed it. Franklin did not appeal that ruling.

In the years that followed, Franklin filed successive petitions for collateral relief, none of which merited relief.[2] He filed the instant petition, alleging he was not awarded credit for time served. The trial court denied Franklin's petition on the basis that his claim was previously litigated.[3] Franklin filed this timely *pro se* appeal.

Franklin raises four issues on appeal, all of which claim he was denied credit for time served. **See** Appellant's Brief, at 10-13. In each issue, the assignment of error oscillates between his plea counsel, the Commonwealth, and the trial court. **See id**.

At the outset, we note Franklin identified the filing underlying this appeal as a "Petition for Credit for Imprisonment while in Custody prior to Sentence" and the trial court construed the petition as such. Our Supreme Court has held, however, that the PCRA subsumes all forms of collateral relief. **See Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007). A challenge to the trial court's failure to award credit for time served is a collateral attack upon the legality of the sentence and is cognizable under the PCRA. **See**

---

[2] Following the dismissal of his first PCRA petition, Franklin filed subsequent PCRA petitions as well as a Writ of *Habeas Corpus*.

[3] Franklin filed a petition on the same matter, which the trial court dismissed. **See** Trial Court Opinion, 11/27/19, at 2.

*Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007). Therefore, we must address Franklin's petition under the framework of the PCRA. *See* 42 Pa.C.S.A. § 9542.

We begin by addressing the timeliness of Franklin's petition. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time bar in order to establish jurisdiction under the PCRA. *See id*.

In this case, the trial court sentenced Franklin for his crimes on December 5, 2007. Franklin had thirty days from the date of the judgment of sentence to file a notice of appeal to this Court. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Franklin did not pursue a post-sentence motion or direct appeal. As such, his judgment of sentence became final on January 4, 2008. *See* 42 Pa.C.S.A. § 9542(b)(3).

Franklin filed a timely *pro se* PCRA petition on October 10, 2008, which the PCRA court ultimately dismissed. He filed the instant PCRA petition ("Petition for Credit for Imprisonment while in Custody prior to Sentence") almost eleven years later on September 5, 2019. Therefore, Franklin's petition

is facially untimely, and we lack jurisdiction to decide this appeal unless Franklin pled and proved one of the three enumerated exceptions to the one-year time bar in the PCRA.

Franklin did not attempt to plead or prove any of the timeliness exceptions in his petition. Accordingly, we are without jurisdiction to address the merits of Franklin's petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/20