J-S38043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :       PENNSYLVANIA
                                                    :
                         v.                         :
                                                    :
                                                    :
JOHN A. KEYS                                        :
                                                    :
                    Appellant                       :       No. 879 EDA 2023

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1000371-2005


BEFORE:  LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 30, 2023**

John A. Keys (Keys) appeals an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his serial petition for collateral relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 24, 2004, Keys was found guilty after a jury trial of robbery and possessing an instrument of a crime.  The trial court sentenced him to a prison term of 25 to 50 years.  Keys filed a direct appeal and this Court affirmed on April 22, 2009.  ***See Commonwealth v. Keys***, 974 A.2d 1185 (Pa. Super. 2009) (unpublished memorandum decision).  Our Supreme

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court denied further review. ***See Commonwealth v. Keys***, 982 A.2d 509 (Pa. 2009).

Keys' first PCRA petition was dismissed on June 7, 2011, after his appointed counsel filed a no-merit letter. Keys appealed and the appeal was dismissed after he failed to file a brief. In 2012 and 2018, Keys filed two more PCRA petitions, both of which were dismissed as untimely. ***See Commonwealth v. Keys***, 3108 EDA 2019 (Pa. Super. August 14, 2020) (unpublished memorandum decision) (finding Keys' habeas petition alleging PCRA proceeding violated due process due to counsel filing a ***Turner/Finley*** no-merit letter properly subsumed under PCRA).

The present PCRA petition was filed on June 22, 2021. This petition was styled as a "motion for reinstatement of PCRA petition filed 1-22-10." In the petition, Keys argued that his original PCRA counsel was ineffective in failing to raise trial counsel's ineffectiveness. He asserted that trial counsel had performed ineffectively by not objecting to the prosecutor's introduction of photographic evidence at trial, and that the remedy to this layered ineffectiveness claim would be the consideration of the issue's merits.

The PCRA court denied this latest petition as untimely, and Keys once again appealed. The PCRA court explained in its 1925(a) opinion that Keys had not even attempted to establish that one of the PCRA's limited exceptions to its jurisdictional time-bar was satisfied. ***See*** PCRA Court 1925(a) Opinion, 3/1/2023, at 1.

When reviewing the denial of PCRA relief, the appellate court is limited to determining whether the PCRA court's findings were supported by the record and without legal error. **See Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013).

The PCRA is the sole means of obtaining collateral relief in Pennsylvania, as it subsumes the remedies of *habeas corpus* and *coram nobis*. **See** 42 Pa.C.S. § 9542. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). The PCRA's time-bar is jurisdictional, so a court is precluded from considering an untimely PCRA petition on the merits unless the petitioner can plead and prove that a recognized exception to the time-bar applies. **See Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012). The PCRA sets forth three such exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 3 -

A petition invoking any of the above exceptions must be filed "within one year of the date the claim could have been presented" or within 60 days if it was filed before December 2017. 42 Pa.C.S. § 9545(b)(2).[1]

In the present case, our Supreme Court denied Keys' petition for allowance of appeal on October 20, 2009. *See Commonwealth v. Keys*, 982 A.2d 509 (Pa. 2009). The judgment of sentence then became final 90 days later, on January 19, 2010. *See* U.S. Sup. Ct. R. 13.1 (permitting petition for writ of certiorari to filed within 90 days from date judgment of sentence entered). This gave Keys one year from that latter date, January 19, 2010, to timely file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3).

Keys did not file the present petition until June 22, 2021. In order for his instant claims to be considered on the merits, he had 60 days from the date his claims arose in which to validly invoke any of the exceptions to the PCRA's time-bar. However, as noted by the PCRA court, Keys did not even attempt to establish that he satisfied one of those exceptions. He argued instead that his former PCRA counsel had lied under oath over ten years earlier

_____

[1] As of December 24, 2018, the time period in which to file a petition invoking one of the three exceptions is extended from 60 days to one year. *See* 42 Pa.C.S. § 9545(b)(2); Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising one year prior to the effective date of the amendment taking effect as to claims arising on or after December 24, 2017. Since Keys' claims all arise prior to the date on which the amendment would apply, he had 60 days to assert an exception.

when filing a no-merit letter, entitling him to belated review of trial counsel's ineffectiveness. *See* Appellant's Brief, at 7-11.

Even assuming that Keys had presented any evidence to support his allegation of counsel's fraud (which he did not), the PCRA's timeliness requirements would still apply. That is, Keys would need to demonstrate why he could not have raised this basis for review of his ineffectiveness claim within 60 days from the date in 2011 when PCRA counsel allegedly submitted a fraudulent no-merit letter. Since Keys did not do so, the PCRA court lacked jurisdiction to consider the merits of his petition. *See Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) (PCRA petitioners do not have "a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel"); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (A claim of ineffective counsel is not a valid exception to the PCRA timeliness requirement).

Thus, because Keys' serial petition is untimely and no exception applies, the PCRA court's dismissal of his petition must stand.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023