J-S27030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODERICK BALL :
:
Appellant : No. 2512 EDA 2016

Appeal from the PCRA Order July 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111572-2000

BEFORE: GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.: **FILED APRIL 28, 2017**

Roderick Ball appeals *pro se* from the order entered July 19, 2016, in

the Court of Common Pleas of Philadelphia County that dismissed, as

untimely, his second petition filed pursuant to the Pennsylvania Post

Conviction Relief Act (PCRA).[1] In this appeal, Ball challenges the PCRA

court's dismissal of his petition, and in support of his position cites the

United States Supreme Court decision of **Montgomery v. Louisiana**, 135 S.

Ct. 1546 (2015). Based upon the following, we affirm.

This Court previously summarized the background of this case, as

follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

On February 10, 2003, a jury convicted [Ball] of aggravated assault, recklessly endangering another person, violating the Uniform Firearms Act, possessing instruments of crime, and criminal conspiracy. On May 13, 2003, the trial court sentenced [Ball] to a term of fifteen to thirty years' imprisonment.[2] [Ball] thereafter filed post-sentence motions, which the trial court denied on September 19, 2003. [Ball] did not file a direct appeal.

On March 24, 2005, [Ball] filed a "Motion to Reinstate Petitioner's Appellate Rights Nunc Pro Tunc." On May 18, 2005, the PCRA court scheduled a hearing for June 8, 2005, on [Ball's] motion, which it aptly treated as a PCRA petition. *...* However, the record contains no indication that such hearing took place. Rather, on June 12, 2006, [Ball] filed a *pro se* PCRA petition. On August 25, 2006, [Ball] filed an amended *pro se* PCRA petition. On September 20, 2006, the PCRA court appointed counsel for [Ball]. Rather than filing an amended petition, PCRA counsel filed a motion to withdraw and a no-merit letter, on February 12, 2007 …. On March 19, 2007, the PCRA court issued notice of its intention to dismiss [Ball's] PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907. On May 15, 2007, the PCRA court entered an order dismissing [Ball's] PCRA petition as untimely and permitting PCRA counsel's withdrawal.

***Commonwealth v. Ball***, 951 A.2d 1204 [2077 EDA 2007] (Pa. Super. 2008) (unpublished memorandum). This Court affirmed the dismissal of Ball's first PCRA petition, ***see id.***, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Ball***, 956 A.2d 431 (Pa. 2008). On March 25, 2016, Ball filed this second PCRA petition. The PCRA court concluded the petition was untimely, and dismissed the petition on July

_____

[2] The PCRA court's opinion states that Ball was sentenced to 16½ to 35 years' imprisonment. ***See*** PCRA Court Opinion, 10/3/2016, at 1. The certified record does not reveal how the individual sentences were aggregated.

- 2 -

19, 2016. This timely appeal followed, in which Ball argues that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the holding of which he contends was made retroactive under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).[3]  *See* Ball's Brief at 6.

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).
>
> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1).  In our prior decision affirming the denial of relief on Ball's first PCRA petition, we agreed with the determination of the PCRA court that the petition was untimely filed. *See Ball, supra,* 951 A.2d 1204 (Pa. Super. 2008) (unpublished memorandum).  The same is true here. Ball's judgment of sentence became final on Monday, October 20, 2003, 30 days after the trial court's denial of his post-trial motions, when the time for filing a direct appeal had expired. Therefore, Ball had until October 20, 2004, to file a timely PCRA petition.

---

[3] The PCRA court did not order Ball to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

*See id.*  Accordingly, the petition presently before us, filed 12½ years after the judgment became final, is facially untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies.  *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Here, Ball argues his claim is cognizable under the newly recognized constitutional right exception, which permits the filing of an otherwise untimely petition when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States ... after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).  *See* Ball's Brief at 8.  Ball claims the United States Supreme Court's recent decision in *Montgomery* allows him to seek relief under the United States Supreme Court decision in *Alleyne*.[4]

In *Alleyne*, the United States Supreme Court held that "any fact that, by law, increases the penalty is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155.  In

---

[4] Ball filed the present PCRA petition on March 25, 2016, within 60 days of the *Montgomery* decision, which was handed down on January 25, 2016. *See* 42 Pa.C.S. § 9545(b)(2).

Pennsylvania, **Alleyne** triggered a string of cases finding certain mandatory minimum sentencing schemes unconstitutional. **See, e.g., Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (finding mandatory minimum for Drug-Free School Zones violation unconstitutional); **see also Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (applying **Alleyne** and holding 42 Pa.C.S. §§ 9712 and 9713 unconstitutional), *appeal denied*, 124 A.3d 309 (Pa. 2015).

Ball claims he "falls within the purview of the section of the required [m]andatory [m]inimum [s]entence as expressed under [42 Pa.C.S. § 9712] ….." Ball's Brief at 18. **See also id.** at 20. However, the Pennsylvania Supreme Court, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016) explicitly held that "**Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Id.** at 820. Nevertheless, Ball argues the United States Supreme Court's recent decision in **Montgomery** somehow causes **Alleyne** to be retroactive, explaining:

> The petitioner asserts that the **Montgomery, supra**, ruling is based on retroactivity being applicable to substantive rules of constitutional law. The **Montgomery** ruling is the petitioner's primary asserted claim in this instant matter. The United States Supreme Court, in its ruling of **Montgomery**, did not limit the stipulations that define a substantive rule to "solely" applying to that of the **Miller v. Alabama**, 132 S.Ct. 2455 (2012) case [discussed in **Montgomery**]. Thereby, "any" case in which its claim pertains to that of a "substantive rule of constitutional law" must be given retroactive effect. With that being definitively established, the claim raised and decided within **Alleyne v. United States**, … so happens to be, in fact, an issue that pertains to the definition of a "substantive rule" which can therefore be raised by what **Montgomery** has established.

Ball's Brief at 18.  We disagree.

In ***Montgomery***, the Supreme Court held that its prior decision in ***Miller v. Alabama, supra*** — which declared that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishments — constituted a new substantive rule that must be applied retroactively to cases on collateral review. Ball's reliance on ***Montgomery*** is misplaced because, as mentioned above, *subsequent to and mindful of the **Montgomery*** decision, the Pennsylvania Supreme Court in ***Washington*** held that ***Alleyne*** does **not** apply retroactively to cases on collateral review. ***See Washington, supra***, 142 A.3d at 818 (explaining, *inter alia*, "[T]he ***Alleyne*** rule neither alters the range of conduct or the class of persons punished by the law. ***See Montgomery***, 136 S. Ct. at 729-30."). To date, there is no United States Supreme Court decision holding that ***Alleyne*** applies retroactively to untimely PCRA petitions. Accordingly, no relief is warranted.

Because Ball's petition does not satisfy any of the time-for-filing exceptions, we agree with the ruling of the PCRA court that dismissed the petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2017</u>