J-S24013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN FRANK GEBAUER | |
| Appellant | No. 917 WDA 2016 |

Appeal from the PCRA Order May 31, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001167-2003

BEFORE: PANELLA, J., STABILE, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY PANELLA, J. **FILED JUNE 05, 2017**

Appellant, John Gebauer, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely. We affirm.

Given our disposition, a detailed recitation of the facts is unnecessary in this matter. Appellant shot and killed his adoptive mother. On October 14, 2004, Appellant entered a guilty plea to third degree murder, abuse of a corpse, possession of a firearm by a minor, theft of a firearm, theft of a credit card, and unauthorized use of a motor vehicle. Appellant was sentenced on December 9, 2004, to an aggregate 37½ to 75 years'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

incarceration. Appellant did not file a direct appeal.

On November 4, 2010, Appellant filed a motion for transcripts from his guilty plea hearing and sentencing. Appellant then filed a *pro se* PCRA petition, his first, on March 23, 2011. The court appointed Attorney Jeff Watson, who filed a **Turner/Finley** no-merit letter and a motion to withdraw. Instead of deciding the petition on the merits, the court assigned Attorney Mary Bates to represent Appellant. Attorney Bates also filed a motion to withdraw, relying on the no-merit letter written by Attorney Watson. After the court issued Rule 907 notice, Appellant requested and received an extension of time to respond. Appellant filed an amended *pro se* PCRA petition, claiming ineffective assistance of counsel, unlawful inducement of his guilty plea, and the imposition of an illegal sentence. The court ultimately granted the attorneys' motions to withdraw, and dismissed Appellant's petition on untimeliness grounds. This timely appeal followed.

On appeal, Appellant appears to claim that the PCRA court erred in dismissing his petition as untimely where the sentence he is serving is illegal. **See** Appellant's Brief, at 1-4. We disagree.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Before reaching the merits of Appellant's claim, we must first consider the timeliness of his PCRA petition, as it implicates the jurisdiction of this Court and the PCRA court. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Here, Appellant's judgment of sentence became final on January 8, 2005, when the thirty-day period for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). His first PCRA petition, filed over six years later on March 23, 2011, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to plead and prove one of the statutory exceptions to the law's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA contains three limited exceptions that permit review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

In the present case, Appellant fails to properly invoke any of the three timeliness exceptions under Section 9545(b)(1).[2] Appellant makes a series of undeveloped arguments pertaining to the alleged vagueness of the charges against him; the purported excessiveness of his sentence, in light of the fact that he was a juvenile at the time of the murder; and imprecise assertions regarding plea counsel's ineffectiveness. Appellant does not

---

[2] In his initial PCRA petition, Appellant attempted to invoke the newly discovered facts exception. Appellant claimed he was unaware of counsel's incompetence at the time of his plea, and unable to learn of his right to relief until well after sentencing, as he is untrained in the law. Appellant claimed that his discovery of counsel's incompetence was a newly discovered fact. However, a "discovery" that previous counsel was ineffective is not a newly discovered fact that would entitle Appellant to relief under the PCRA. *See* ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1285 (Pa. 2016). Moreover, Appellant abandoned this claim on appeal.

- 4 -

articulate how any of these claims might fall within the PCRA's time-bar exceptions, nor does he allege that he raised these issues within 60 days of the date of their discovery.

We conclude that Appellant has not met his burden of proving that his patently untimely petition falls within one of the three limited exceptions to the PCRA's jurisdictional time-bar. Accordingly, we affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017