J-S45029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPFON L. WILSON | |
| Appellant | No. 3129 EDA 2016 |

Appeal from the PCRA Order September 1, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002060-1997

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 19, 2017**

In 1997, a jury convicted Stepfon Wilson of second-degree murder and kidnapping. The trial court imposed a mandatory sentence of life without parole on the murder conviction, plus a consecutive term of four to twenty years of imprisonment on the kidnapping conviction. We affirmed Wilson's judgment of sentence on November 12, 1999. Wilson did not seek review by the Supreme Court of Pennsylvania.

After his first two petitions pursuant to the Post Conviction Relief Act ("PCRA") were denied, he filed the instant petition on August 1, 2016. The PCRA court dismissed his petition as untimely. This *pro se* appeal followed. On appeal, Wilson argues that pursuant to ***Alleyne v. United States***, 508

---

[*] Retired Senior Judge assigned to the Superior Court.

U.S. 402 (2013) (holding judicial fact finding that leads to the imposition of a mandatory minimum sentence is unconstitutional), **Miller v. Alabama**, 132 S.Ct. 2455 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) (finding the rule announced in **Miller** to be applied retroactively), he is entitled to resentencing.

There is no doubt Wilson's petition, filed over 16 years after his judgment of sentence became final, is untimely under the PCRA. **See Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) ("A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final[.]") If a PCRA petition is facially untimely, the petitioner must plead and prove the applicability of one of three timeliness exceptions in order to invoke the jurisdiction of the PCRA. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Here, Wilson makes no attempt in his appellate brief to argue that his petition qualified for one of the three timeliness exceptions. Furthermore, he is due no relief even if we assume he is attempting to argue **Montgomery** rendered **Alleyne** retroactive, and therefore his petition qualifies under the "newly recognized Constitutional right" exception contained in 42 Pa.C.S.A. § 9545(b)(1)(iii).

Wilson does not argue he was a juvenile at the time he committed these crimes. Indeed, the trial court records indicate he was born on December 15, 1961; thus, he would have been twenty-five years old when he committed these crimes in February of 1997. As a result, he cannot claim the relief provided by *Miller* and *Montgomery*.

Presumably, Wilson understood this, which is why he attempts to tie *Montgomery* to *Alleyne* instead of *Miller*. A generous reading of his appellate brief could support an argument that the imposition of a life sentence is the functional equivalent of a mandatory minimum sentence. However, even assuming *Montgomery* rendered not just *Miller* but also *Alleyne* retroactive,[1] there was no judicial fact finding involved. The mandatory life sentence flowed directly from the jury's finding that Wilson had committed second-degree murder. Thus, *Alleyne* does not apply to Wilson.

As Wilson has failed to establish the PCRA court erred in concluding that the petition was untimely, we affirm the order dismissing Wilson's petition.

Order affirmed. Jurisdiction relinquished.

_____

[1] The Supreme Court of Pennsylvania has held *Alleyne* is not to be applied retroactively for purposes of the application of the PCRA's timebar. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017