J-S71014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STANLEY BROWN | : | |
| | : | |
| Appellant | : | No. 3759 EDA 2016 |

Appeal from the PCRA Order October 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0501001-1976

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED MARCH 09, 2018**

In 1976, a jury convicted 21-year-old Stanley Brown of second-degree murder and associated crimes for his role in the shooting death of Carmen Falanga. On June 29, 1977, the court sentenced Brown to life in prison. Currently before us is Brown's fourth post-conviction petition for relief. He argues he is entitled to re-sentencing pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional). The Post Conviction Relief Act ("PCRA") court dismissed his petition as untimely. We affirm.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court and the Commonwealth contend Brown's notice of appeal was untimely filed. While this contention has some support in the record, in
*(Footnote Continued Next Page)*

Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar in order to establish jurisdiction under the PCRA. *See id*.

Brown concedes his petition is facially untimely, but argues he has established an exception to the PCRA time-bar under 42 Pa.C.S.A. § 9545(b)(1)(iii), a newly announced constitutional right. *See* Appellant's Brief, at 8. Brown contends the United States Supreme Court's holding in *Miller* should be interpreted to provide relief for offenders over the age of 18 at the time of their crimes. As Brown filed his petition within 60 days of the announcement of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which held that *Miller* retroactively applies to cases on state collateral review, he asserts he has met the exception, and is entitled to PCRA relief. We disagree.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

the interest of judicial economy, we will accept Brown's assertion that he placed the notice in the prison mail system on November 25, 2016, thereby qualifying for the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Despite Brown's equal protection arguments, both ***Miller*** and ***Montgomery*** are specifically limited to juvenile offenders. ***See Miller***, 567 U.S. at 465; ***Montgomery***, 136 S.Ct. at 736. Our Court has held that because the decision in ***Miller*** is limited to juvenile offenders, a petitioner who was not a juvenile at the time of his crime cannot invoke the case to meet an exception to the PCRA time-bar. ***See***, ***e.g.***, ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016); ***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013). As Brown concedes he was not a juvenile at the time of his crime, ***see*** Appellant's Brief, at 9, ***Miller*** is simply inapplicable to him.

We affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/18