J-S29010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                                       :
            v.                     :
                                       :
                                       :
WILLIAM ROBINSON            :
                                       :
            Appellant        :  No. 2370 EDA 2017

Appeal from the PCRA Order June 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0416191-1993

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS[*], P.J.E.

JUDGMENT ORDER BY PANELLA, J.        **FILED OCTOBER 02, 2018**

William Robinson appeals, *pro se*, from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. Robinson contends the PCRA court erred in failing to address his claims of an illegal sentence on the merits. We conclude the court properly recognized Robinson's petition was time-barred, and therefore affirm.

Robinson pled guilty to two counts each of robbery and aggravated assault, and one count of carrying a firearm on a public street, arising from Robinson's use of a shotgun in an attempt to rob two victims. During the robbery, one of the victims was shot in the leg. The injuries from the gunshot ultimately required amputation.

---

[*] Former Justice specially assigned to the Superior Court.

The court sentenced Robinson to an aggregate sentence of 42½ to 85 years' imprisonment. Robinson appealed, raising several issues with his sentence, including a claim that his sentences for aggravated assault should have merged with his sentences for robbery. This Court affirmed, and the Supreme Court of Pennsylvania denied review by order dated February 15, 1996. Robinson did not appeal to the Supreme Court of the United States.

In the following years, Robinson has filed three PCRA petitions. His second petition, filed in January 2012, was dismissed as untimely. The petition here, his third, claims his sentence was later rendered illegal in *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court of the United States held that sentencing factors used to support the imposition of a mandatory minimum sentence must be submitted to a jury for trial or admitted to by the defendant.

However, before reaching the merits of Robinson's claims, we must address our jurisdiction. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar in order to establish jurisdiction under the PCRA. *See id*.

In his brief, Robinson argues his sentence was illegal for various reasons: a) his sentences should have merged; b) his sentences are a violation of double jeopardy; and c) his sentences violate *Alleyne*. *See* Appellant's Brief, at (vi). Robinson did not plead, and does not contend on appeal, that his third petition was facially timely. In his reply brief, Robinson contends these issues were properly before the PCRA court, as he asserts claims of an illegal sentence can never be waived. *See* Appellant's Reply Brief, at 1 (unnumbered).

"*Alleyne* does not apply retroactively to cases pending on collateral review…." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Furthermore, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). Put another way, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Id*. (citation omitted; brackets in original).

Robinson's petition was clearly facially untimely. And he failed to plead or prove an exception to the time bar. Thus, the PCRA court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/18