J-S35024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDMUND A. SMITH, JR. | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2017 |

Appeal from the PCRA Order June 27, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001956-2011

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 22, 2018**

Edmund A. Smith, Jr., appeals, *pro se*, from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2012, Smith entered a *nolo contendere* plea to one count of involuntary deviate sexual intercourse with a minor, thirteen years of age at the time of the crime. The trial court sentenced Smith to ten to twenty years' incarceration. Smith did not file a direct appeal following the denial of his post-sentence motion on November 30, 2012.

Thereafter, Smith filed a timely PCRA petition. In that petition, Smith alleged that his plea was unlawfully induced and that his sentence was illegal based upon the holding in ***Alleyne v. United States***, 570 U.S. 99 (2013). Following a hearing, the PCRA court determined that Smith failed to prove coercion or the application of ***Alleyne*** and denied Smith's petition. We later

affirmed the PCRA court. ***See Commonwealth v. Smith***, No. 1864 MDA 2014 (Pa. Super. filed Jan. 6, 2016) (unpublished memorandum).

On August 8, 2016, Smith filed a second PCRA petition, again alleging the illegality of his sentence pursuant to ***Alleyne***, as well as ineffectiveness of plea counsel for failing to file a direct appeal. The PCRA court issued notice of its intention to summarily dismiss the petition and subsequently did so. This timely appeal follows.

Prior to reaching the merits of Smith's claims on appeal, we must first consider the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Smith's judgment of sentence became final on December 30, 2012, when his 30-day window for filing a notice of appeal with this Court expired. ***See*** Pa.R.Crim.P. 720(A)(2)(a); 42 Pa.C.S.A. § 9545(b)(3). Smith's petition—

filed almost four years later—is untimely. Thus, the PCRA court lacked jurisdiction to review Smith's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

In his PCRA petition, Smith attempts to plead an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(ii); *i.e.*, newly discovered facts. This exception relies on a showing that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Smith contends he discovered his sentence violated the dictates of **Alleyne** through the holding of the recent Pennsylvania Supreme Court case of **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016).

There are at least four major problems with this assertion. First, Smith cannot rationally claim that the holding of **Alleyne** was unknown to him prior to the disposition of **Wolfe**—he raised an **Alleyne** claim in his first, unsuccessful, PCRA petition. **See Smith**, No. 1864 MDA 2014 at 10-11. This leads to the second major problem with Smith's claim—he already unsuccessfully litigated this *exact* claim in his first PCRA petition. **See id**. Therefore, he is precluded from obtaining relief on this issue. **See** 42 Pa.C.S.A. § 9543(a)(3) (providing petitioner not eligible for relief if the allegation of

error was previously litigated). Thirdly, even if Smith had not previously raised an **Alleyne** claim, "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). And fourthly, judicial decisions are not newly-discovered facts triggering the timeliness exception of § 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011).

As Smith does not plead a valid exception to the PCRA's time-bar, we are without jurisdiction to hear his claims. So, we affirm the PCRA court's order denying relief.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018

- 4 -