J-S01002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ANTHONY GLOVER, JR. | : | |
| | : | |
| Appellant | : | No. 1161 MDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005101-2006

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 09, 2019**

Justin Anthony Glover, Jr. appeals, *pro se,* from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

A jury convicted Glover of first-degree murder, conspiracy to commit murder and abuse of corpse[1] in connection with the death of Wesley Person. The trial court imposed a mandatory sentence of life imprisonment without parole.[2] Glover appealed. This Court affirmed, **see Commonwealth v. Glover**, 1033 MDA 2009 (Pa Super., filed Mar. 3, 2010) (unpublished

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502, § 903, and § 5510, respectively.

[2] Additionally, the trial court imposed a 10 to 20 year term of imprisonment for Glover's conspiracy conviction and a 1 to 2 year term of imprisonment for his abuse of corpse conviction.

memorandum), and our Supreme Court denied *allocatur* on August 30, 2010. Glover did not file a direct appeal with the United States Supreme Court.

On March 25, 2011, Glover filed his first petition pursuant to the PCRA, alleging several claims of ineffective assistance of trial counsel. Notably, Glover asserted trial counsel's ineffectiveness for failing to call character witnesses. The PCRA court denied Glover's petition. A panel of this Court affirmed. **See Commonwealth v. Glover**, 285 MDA 2013 (Pa. Super., filed Mar. 3. 2014) (unpublished memorandum). Glover did not file a petition for *allocatur* with the Pennsylvania Supreme Court.

Glover filed the instant petition on March 15, 2018, alleging he was entitled to a new trial because his co-defendant, Lawrence Murrell, received a new trial following federal *habeas corpus* review. Specifically, Glover claimed Murrell received relief due to his claim that trial counsel was ineffective for failing to call character witnesses. Because he raised the identical claim in a previous PCRA petition, Glover asserts that the grant of relief to Murrell while denying Glover relief for the same issue would constitute a deprivation of due process and equal protection of the law.

Noting Glover's petition was facially untimely and that his claim did not meet a timeliness exception, the PCRA court issued a Pa.R.Crim.P 907 notice of its intent to dismiss the petition. Despite Glover's response, the court ultimately dismissed his petition as untimely on June 22, 2018. This timely appeal follows.

Prior to reaching the merits of Glover's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Glover's judgment of sentence became final on November 1, 2010, when the time to file a petition for writ of certiorari with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) ("[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** U.S. Sup. Ct. R. 13 (providing appellants ninety days in which to seek review with the United State Supreme Court). His petition, filed more than seven years later, is facially untimely. Thus, the PCRA court lacked jurisdiction to review Glover's petition unless he was able to successfully plead and prove one of the

statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).[3]

Glover argues that he meets the "newly discovered fact" exception to the PCRA's time-bar. **See** PCRA petition, 3/15/18, at 4; Appellant's Brief, at x. Glover claims he learned in February 2018 that his co-defendant, Lawrence Murrell, received a new trial following a grant of federal *habeas corpus* relief based upon an issue previously deemed meritless in Glover's case. **See id**. As

---

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Glover filed his petition within 60 days[4] of learning of Murrell's new trial, he contends his petition is timely pursuant to 42 Pa.C.S.A. § 9545(b)(2).

Pursuant to **Commonwealth v. Cruz**, 851 A.2d 870 (Pa. 2004), it is possible that Glover has satisfied the previously unknown fact exception to the time-bar. However, we need not reach that issue, as we agree with the Commonwealth that even if Glover qualified for the newly discovered fact exception to the PCRA's time-bar, he would not be entitled to relief.

In order to be eligible for PCRA relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." **See** 42 Pa.C.S.A. § 9544(a)(3). An issue had been previously litigated for PCRA purposes if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **Id**., at 9544(a)(2); **Commonwealth v. Beasley**, 678 A.2d 773, 778 (Pa. 1996). "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." **Commonwealth v. Roane**, 142 A.3d 79, 94 (Pa. Super. 2016) (citations omitted).

---

[4] At the time Glover's petition was filed, petitioners were still required to file a petition within 60 days of the date the claim could have been presented. However, the amendment to section 9545(b)(2) applies to claims arising one year before the effective date of the section, *i.e.*, December 24, 2017. **See** 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. Therefore, because Glover's claim did not arise until February of 2018, he had until February of 2019 to file the instant petition.

Here, Glover challenges trial counsel's failure to present character witnesses in light of the United States District Court's decision to grant Murrell a new trial partially on that basis; however, Glover previously presented this challenge in his first PCRA petition, and this Court found no merit to those assertions. *See Commonwealth v. Glover*, 285 MDA 2013 at 7 (Pa. Super. filed Mar. 3. 2014) (unpublished memorandum). One of the reasons for that decision was that Glover failed to identify any potential character witness in his PCRA petition. *See Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (requiring a PCRA petitioner asserting ineffective assistance of counsel for failure to call a witness to, *inter alia*, identify the witness).

Here, Glover has once again failed to identify any potential witness that counsel should have called at trial. The fact that Murrell had witnesses ready and able to testify to his good character does not establish that Glover had witnesses ready and able to testify to Glover's good character. Under these circumstances, we agree with the Commonwealth that Glover has failed to plead sufficient facts to entitle him to relief under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019