J-S31037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SALVADOR LOPEZ | : | |
| | : | |
| Appellant | : | No. 1030 EDA 2023 |

Appeal from the PCRA Order Entered March 31, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002047-2014

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 7, 2023**

Salvador Lopez appeals *pro se* from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. He claims that the court erred in concluding that his petition was untimely. We affirm.

In 2016, Lopez pled guilty to possession with intent to deliver cocaine, criminal conspiracy, and corrupt organizations.[1] The court sentenced Lopez to a term of 19 to 38 years' incarceration and a Recidivism Risk Relation Incentive ("RRRI") sentence of 15.83 years. We affirmed the judgment of sentence. **See Commonwealth v. Lopez**, 2017 WL 4001761 (Pa.Super. filed September 12, 2017) (unpublished memorandum). Lopez did not seek further review.

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903 and 911(b), respectively.

Lopez filed the instant *pro se* PCRA petition, his second, on February 8, 2023. Lopez labeled it as a "Petition for Permission to file a Petition for Allowance of Appeal Nun[c] Pro Tunc." The court filed a Rule 907 notice of its intention to dismiss the petition. **See** Pa.R.Crim.P. 907(1). Lopez filed a response to the Rule 907 notice and claimed that **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), "constituted a 'constitutional exception' to the time bar under 42 Pa.C.S.A. § 9545(b)(1)(iii)." Answer to the Court[']s 907 Letter, filed 3/16/23, at 2 (unpaginated). The court dismissed Lopez's petition as untimely, and this timely appeal followed. **See** Order, filed 3/31/23.

Lopez raises the following issues:

1. Did [Lopez's] Attorney violate his Due process Rights when she failed to file [Lopez's] appeal to the Superior Court?

2. Should [Lopez] be time barred for not filing an appeal to the Superior Court when he never knew that his PCRA was dismissed years ago?

3. Should [Lopez] receive his appeal rights back Nunc Pro Tunc because of his Attorney's failure to file his appeal or notify [Lopez] that his PCRA was dismissed[?]

4. Does **Commonwealth v. Bradley** constitute a "*constitutional exception*" in [Lopez's] case because his PCRA attorney which was his "initial collateral Review" counsel was ineffective[?]

5. Does the admittance by the lower Court that they did not serve [Lopez] with the Order Dismissing his PCRA as directed in the PCRA Court's December 18, 2018 order allow petitioner[] to receive his Appeal rights back Nunc Pro Tunc?

Lopez' Br. at 2 (unpaginated) (emphasis in original).

We review the denial of PCRA relief by determining whether the PCRA court's conclusions are "supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (citations omitted). We defer to the court's findings that are supported by the certified record. *See id.*

We do not address the merits of Lopez's claims because his PCRA petition is untimely. "If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we . . . do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012). A judgment becomes final at the conclusion of direct review by the Pennsylvania Supreme Court or the United States Supreme Court, or at the expiration of the time for seeking such review. *Id.* at 17 (citing 42 Pa.C.S.A. § 9545(b)(3)). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Id.* The three time-bar exceptions include: 1) governmental interference in raising the claim; 2) newly discovered facts that could not have been discovered with due diligence; and 3) a newly recognized constitutional right that has been recognized to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A

- 3 -

petitioner raising one of the time-bar exceptions must file a petition within one year from the time the petitioner could have first claimed the exception. *See id.* at § 9545(b)(2).

Here, Lopez's judgment of sentence became final on October 12, 2017, when the time to appeal to our Supreme Court expired. *See* Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court"). Therefore, Lopez had until October 12, 2018, to file a timely PCRA petition. Thus, the instant petition filed almost five years later is untimely and Lopez bore the burden of pleading and proving at least one of the time-bar exceptions. *See Jones*, 54 A.3d at 17. Although Lopez did not raise a time-bar exception in his PCRA petition, he did raise an exception in his answer to the PCRA court's Rule 907 notice. He claimed the newly recognized constitutional right time-bar exception, citing *Bradley*. However, *Bradley* affords him no relief.

*Bradley* involved an appeal from the dismissal of a *timely* PCRA petition. Here, Lopez's petition is untimely. As this Court has concluded, *Bradley* did not "create[] a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permit[] recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa.Super. 2023). The Pennsylvania Supreme Court did not recognize a new and retroactive constitutional right, and the PCRA time-bar exception does not apply.

Because Lopez filed his PCRA petition more than four years after his judgment of sentence became final, and he failed to plead a time-bar exception, the PCRA court did not err in dismissing Lopez's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/07/2023