J-S12019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE JONES | : | |
| | : | |
| Appellant | : | No. 2451 EDA 2024 |

Appeal from the PCRA Order Entered August 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006465-2013

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 15, 2025**

Dwayne Jones appeals from the order dismissing as untimely his Post Conviction Relief Act petition. *See* 42 Pa.C.S.A. §§ 9541-46. We affirm.

Jones was arrested in March 2013 and charged with murder and related offenses. An October 2014 jury trial ended in a mistrial. In September 2015, Jones entered a guilty plea to third-degree murder, firearms not to be carried without a license, and possessing of instruments of crime ("PIC").[1]

At the guilty plea hearing, the Commonwealth set forth the following facts as supporting the conviction, and Jones agreed to the facts. N.T., Sept. 15, 2015, at 25-29. On December 16, 2013, Jones shot and killed James Harrison, Jr. ("Victim") by firing a 9-mm handgun approximately 13 times, with three of the shots striking Victim. *Id.* at 25. At the time, Jones was living

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), and 907(a), respectively.

on North 16th Street in Philadelphia with his cousin Jonay Crawford, Crawford's boyfriend Robert Williams, Jones' cousin Levan Woodson, and Crawford's children. Victim was Crawford's half-brother.

On December 16, 2013, Crawford and Victim had an argument. Victim told Crawford he "was going to come over to smack the shit out of her and everybody in the house." *Id.* at 26. Crawford drove Jones to pick up a gun and came back to the house. *Id.* Grainy video surveillance showed Victim at the house, pacing, and eventually falling to the ground "the same time after [Crawford's] SUV pulled up on the corner." *Id.* at 27. Jones had gotten out of the vehicle and walked up and fired at Victim "on the sidewalk just northbound, in front of and down a ways" from the residence. *Id.* Jones returned to the vehicle, which drove off. *Id.* A high-speed chase occurred. Police officers saw two individuals in the vehicle during the chase, but only one during the stop. *Id.* When the chase ended Jones was not in the vehicle, but his cell phone was. Jones's cell phone was sent to Apple, which recovered messages concerning a firearm and photographs of a 9-mm pistol. *Id.* at 27-28; 4-7. When the police initially spoke with Williams and Woodson, they were evasive. However, both later identified Jones as the shooter. *Id.* at 28. Jones did not have a valid license to carry a firearm. *Id.*

The trial court imposed the negotiated sentence of 20 to 40 years' incarceration for the third-degree murder conviction and a consecutive two and a half to five years' imprisonment for the firearms conviction. Jones did not file a direct appeal.

Jones filed a timely first PCRA petition, which the court dismissed. He filed the instant petition in April 2024, alleging there was newly discovered evidence that entitled him to a new trial. He maintained Detectives Edward Tolliver, Gregory Singleton, James Dunlap, and James Burke were the investigating officers, who took witness statements and gave testimony leading to his conviction. Jones alleged the detectives misrepresented or ignored critical facts and failed to follow up on inculpatory and exculpatory information. Jones maintained he had recently learned that Detectives Tolliver and Singleton were being investigated for misconduct associated with homicide investigations, including falsifying information. Jones claimed he filed the petition within one year of learning of the investigations. Jones further alleged this evidence constituted after-discovered evidence, as the investigations into the detectives' alleged wrongdoing could not have been discovered with due diligence, was not merely corroborative or cumulative, and would not be used solely as impeachment evidence. Jones further alleged a due process claim, again based on the investigations.

The trial court issued notice of its intent to dismiss the petition without a hearing, and, in August 2024, dismissed it as untimely. Jones filed a timely appeal. He raises the following issues:

> 1. That the Honorable PCRA Court erred when it dismissed [Jones'] Post-Conviction Relief Act (PCRA) Petition without holding a hearing, as [Jones] properly pled, and would have been able to prove, that he was eligible for PCRA relief because:

a. [Jones] contends there is after-discovered evidence that Detectives Singleton and Tolliver, detectives assigned to [Jones'] investigation and prosecution, were being investigated by authorities, including the Philadelphia District Attorney's Office (DAO) for misconduct associated with homicide investigations concomitant with their duties as Homicide detectives with the Philadelphia Police Department.

b. [Jones] contends that Detectives Singleton and Tolliver misrepresented the facts when they took statements of witnesses and in the Affidavit of Probable Cause during the investigation and prosecution of [Jones].

c. This Court erred by dismissing [Jones'] PCRA Petition without affording [Jones] an opportunity to review the Homicide File ("H-File") and DAO Files as it relates to the DAO's own recent investigations into the wrongdoing of the assigned detectives in [Jones'] investigation and prosecution, even though the "open file" policy is a policy adopted by the DAO in order to comport with the principals of a fair trial under the Due Process Clause of the Pennsylvania and United States Constitutions.

Jones' Br. at 2.

When reviewing the denial or grant of relief under the PCRA, this Court must determine whether the record supports the PCRA court's factual findings, and "whether its conclusions of law are free from legal error." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

We do not address the merits of Jones' claims because his PCRA petition is untimely. A PCRA petition, including a second or subsequent petition, must be filed within one year of the petitioner's judgment of sentence becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). Beyond that one-year deadline, a petitioner must plead and prove at least one time-bar exception. These

exceptions are for governmental interference in raising the claim, newly discovered facts that could not have been discovered earlier with due diligence, and a newly recognized constitutional right that has been recognized to apply retroactively. *See id.* at. § 9545(b)(1)(i)-(iii). A petitioner must raise a time-bar exception "within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Jones' judgment of sentence became final on October 15, 2015, when the time to appeal to our Court expired. *See* Pa.R.A.P. 903 (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Therefore, Jones had until October 15, 2016, to file a timely PCRA petition. The instant petition filed in April 2024 is facially untimely and Jones bore the burden of pleading and proving at least one of the time-bar exceptions. *See Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

Jones argues he satisfied the newly-discovered fact or government interference exceptions to the PCRA time-bar. He claims that in May 2021 he discovered that Detectives Singleton and Tolliver engaged in unconstitutional practices. Jones' Br. at 12. He states the Philadelphia District Attorney's Office released a Police Misconduct Disclosures packet disclosing the district attorney's investigation of Detective Singleton "in compliance with its own policy of disclosing potential *Brady*[2] material to defense counsel in cases involving current and former detectives, police officers and prosecutors." *Id.*

_____

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

He claims that the "investigation into the wrongdoing of Detective Singleton and Tolliver are specific to the case at bar and the investigative scheme employed in this case." *Id.* at 13. Jones maintains that he filed the April 2024 petition within one year of discovering Detective Singleton had engaged in a pattern of misconduct that had been the subject of the District Attorney's Office investigation and states he believes Detective Tolliver also is subject to an investigation. He says the information was not publicly available until a judicial finding of a *prima facie* case of unconstitutional practices by Detective Singleton. To support his *Brady* claim, Jones alleges the Commonwealth failed to provide him with information regarding the detectives, even though it "bore significance to the prosecution's motive theory." *Id.* at 19.

To plead the newly-discovered fact exception, a petitioner must allege that the facts giving rise to a substantive claim were unknown to him and that he could not have ascertained the facts by exercising due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa.Super. 2011). The government interference exception applies where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). "The proper question with respect to [the government interference] timeliness exception is 'whether the government

interfered with [the a]ppellant's ability to present his claim and whether [the a]ppellant was duly diligent in seeking the facts on which his claims are based.'" ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa.Super. 2019) (citation omitted).

The PCRA court concluded Jones did not satisfy any exception to the time-bar:

> [Jones] claims that the facts supporting the instant petition were unknown to him and could not have been discovered through the exercise of due diligence; however, he fails to establish when he learned about these facts or that he raised the instant claims within one year of learning about them. [Jones] also fails to demonstrate that the supposed newly-discovered facts bore any relational nexus to his case by not establishing any specific wrongdoing in his case. [Jones's] ***Brady*** claim similarly fails to satisfy the newly-discovered fact exception as he does not provide any details about any attempts he made to obtain this information and he does not assert that he ever requested information from the Commonwealth related to its alleged investigations. [Jones] provided no valid exceptions to the time bar and his petition is untimely.

PCRA Ct. Op., filed Aug. 15, 2024, at 5-6 (citations omitted).

The record supports the PCRA court's findings and it did not err in dismissing the petition as untimely. Jones' PCRA petition did not allege a date when he first learned of the alleged misconduct,[3] and did not explain if he engaged in reasonable efforts to ascertain the facts, and, if so, what those efforts entailed. He further did not allege how the Commonwealth prevented

_____

[3] The only year mentioned in his appellate brief was 2021. Jones did not file his petition until 2024 and failed to explain how his actions between 2021 and 2024 constituted due diligence.

- 7 -

him from discovering such facts. He therefore failed to plead and prove a PCRA time-bar exception.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025