J-S12034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN GRANT | : | |
| | : | |
| Appellant | : | No. 2892 EDA 2025 |
| | : | |

Appeal from the PCRA Order Entered October 15, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003705-1991

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED MAY 1, 2026**

Jonathan Grant appeals *pro se* from the order dismissing, as untimely,

his thirteenth petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546. We affirm.

As stated by this Court in our affirmance of the order dismissing his

twelfth PCRA petition:

> In 1992, a jury convicted Grant of first-degree murder, recklessly
> endangering another person, possession of an instrument of
> crime, and flight to avoid apprehension arising from charges that
> Grant fatally shot Nora Adderly, a 41-year-old woman who shared
> an apartment with Grant. After the jury deadlocked on the issue
> of the death penalty, the trial court sentenced Grant to life
> imprisonment without parole. We affirmed the judgment of
> sentence on direct appeal. [**See Commonwealth v. Grant**, 641
> A.2d 1222 (Pa. Super. 1993) (table) (3502 PHL 1992).] On

---

[*] Retired Senior Judge assigned to the Superior Court.

September 12, 1994, the Pennsylvania Supreme Court denied Grant's petition for allowance of appeal. [**See Commonwealth v. Grant**, 668 A.2d 1124 (Pa. 1994) (table) (43 E.D. Alloc. 1994).] Grant did not appeal to the United States Supreme Court.

**Commonwealth v. Grant**, 2023 WL 5319231 at *1 (Pa. Super., filed Aug. 18, 2023) (unpublished memorandum).

On May 27, 2025, Grant filed the instant petition, substantively alleging that the Commonwealth violated his right to counsel by introducing, at his trial, the testimony of "two jailhouse informant[s] who [were] assisting the state[.]" PCRA Petition, 5/27/25, at 3. Grant asserts that these informants, Leroy Freeman and Raymond Morris, received previously undisclosed favorable treatment and/or leniency in exchange for their "false" testimony. **See id.** at 9-10, 16.

Ultimately, the court, on June 26, 2025, issued notice of its intent to dismiss Grant's petition pursuant to Pennsylvania Rule of Criminal Procedure 907.[1] Thereafter, on October 14, 2025, the court issued an order denying and dismissing his petition. Grant timely appealed.[2]

On appeal, Grant presents four issues for review. Nevertheless, before consideration of those claims, we must preliminarily ascertain whether Grant's thirteenth PCRA petition is timely. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) ("Before we may address the merits of Appellant's

_____

[1] Grant did not respond to this notice, but instead submitted multiple letters to the "Clerk of the Court" seeking documents.

[2] The court did not order Grant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court.").

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

As was previously determined in our adjudication of Grant's twelfth post-conviction petition, and as is equally applicable to his thirteenth:

> Grant's judgment of sentence became final in December 1994, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than two decades later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Grant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.[] § 9545(b)(1)(i)-(iii).

*Grant*, 2023 WL 5319231 at *1.[3]

---

[3] Where, as here, a conviction became final before the effective date of the 1995 PCRA amendments, there was a one-year grace period for filing *first* PCRA petitions from the date that the 1995 amendments became effective.
*(Footnote Continued Next Page)*

The PCRA provides three exceptions to its jurisdictional time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petitioner bears the burden of alleging and proving that a petition invoking the above-referenced exceptions was "filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Grant purports to surmount the PCRA's time-bar through his averment that he received "newly discovered facts" from a private investigator on September 17, 2024, in the form of two separate documents, which we expound upon below. *See* Appellant's Brief at vi. Therefore, under the newly discovered facts exception, Grant was required to: (1) demonstrate the existence of unknown facts; and (2) then prove that those facts could not

---

*See, e.g.*, **Commonwealth v. Rivera**, 802 A.2d 629, 631 n.2 (Pa. Super. 2002). This grace period did not apply to Grant's instant, *thirteenth* petition for post-conviction relief.

- 4 -

have been heretofore ascertained by the exercise of due diligence. **See Commonwealth v. Blakeney**, 193 A.3d 350, 360 (Pa. 2018).

Grant argues that "he used due diligence over the many years in his attempts to obtain transcripts and other evidence[.]" Appellant's Brief at vi. However, he only allegedly recently received the sought-after information: (1) a criminal docket sheet of Leroy Freeman with a most-recent entry of July 23, 1990; and (2) an undated letter from Raymond Morris that purportedly shows what Morris was willing to offer in exchange for his testimony against Grant.[4]

Preliminarily, it is unclear what the "newly discovered fact" is that is contained in Freeman's criminal docket sheet, which, having a latest date of 1990, wholly predates Grant's 1992 jury trial.[5] Notwithstanding that ambiguity, information relating to Freeman's convictions or sentencing emanating from that docket sheet have been publicly available for years. Indeed, Grant's own attachments indicate that he was seeking both Freeman and Morris' public information in 2016, **see** Appellant's Brief at Exhibit D, multiple years before his filing of the instant PCRA petition. Other than maintaining that Pennsylvania's court reporter division does "not retain notes beyond 7 years," Appellant's Brief at vi, Grant has failed to demonstrate his

_____

[4] This letter from Morris is handwritten and its origin is unknown to this Court.

[5] Moreover, Grant was convicted of a murder that occurred on April 15, 1991, further undercutting any sort of relevance in this document.

due diligence in obtaining either piece of information relevant to Freeman or Morris.

Notwithstanding Grant's argument to the contrary, evidence does not, *ipso facto*, become "newly discovered" based on the specific date it is obtained. ***But see id.*** at 1 ("[Grant] received the newly discovered evidence on April 8, 2025[,] and filed the instant PCRA[] petition on May 27, 2025[,] within 60 days of the discovery pursuant to [subsection] (b)(1)[](ii)[.]"). Rather, it was Grant's burden to show that he either expended due diligence in ascertaining these facts to no avail or that no amount of due diligence could have uncovered these facts. However, our thorough review of Grant's PCRA petition does not provide *any* information as to the genesis of him seeking information, in the form of transcripts or other materials, about either Freeman or Morris. As the Commonwealth writes: "[Grant] offers no explanation as to why he waited such an extended period of time to seek these transcripts." Commonwealth's Brief at 8. Thus, in summary,

> [t]he record shows that [Grant] waited more than two decades to begin any efforts to obtain records from the sentencing proceedings of the witnesses who testified against him. Once those efforts revealed the transcripts of the proceedings did not exist, [Grant] waited nearly ten additional years before seeking any other documents pertaining to those proceedings.

***Id.*** at 9. Accordingly, without any explanation as to the large gaps underpinning his timeline in his endeavor to obtain information about Freeman and Morris, two people of whom Grant was acutely familiar with as having testified against him over thirty years ago, Grant has necessarily failed to

demonstrate that he exercised due diligence. As such, the court correctly determined that it was without jurisdiction to review the substantive contents of Grant's thirteenth PCRA petition, and we affirm its order dismissing the same.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/1/2026